Case 4:16-cv-00982   Document 5   Filed in TXSD on 04/19/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM BINGHAM, a/k/a JOHN BINGHAM, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-982 |
| | § | |
| HARRIS COUNTY JAIL, *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff William Bingham, a/k/a/ John Bingham ("Plaintiff"), *pro se*, is currently an inmate at the Harris County Jail. Plaintiff has filed a complaint alleging that Defendants Harris County Jail, Harris County Jail Medical Department, and Dr. Michael Seale violated his civil rights under 42 U.S.C. § 1983 when he was prescribed too much medication. (Docket Entry No. 1). He has also filed an application to proceed *in forma pauperis*. (Docket Entry No. 2). The Court will dismiss plaintiff's complaint because it is legally frivolous and fails to state a claim under 28 U.S.C. § 1915A.

**I.   Background**

On November 6, 2015, Plaintiff alleges that after being administered 100 milligrams of trazodone, he became dizzy, fell to the floor, hit the back of his head, and injured his left ankle. Docket Entry No. 1 at 4. He explains: "my claim is that Harris County Jail Medical Department and its Director of Health Services allowed an unauthorized medica[l] physician to change my [psychiatric] medication from 50 milligrams to 100 milligrams [which] resulted in me suffering pain and injury as well as mental anguish." *Id.* For relief, Plaintiff requests that the Court order defendants to settle this complaint. *Id.*

## II. Discussion

Plaintiff's complaint is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove that he was exposed to a substantial risk of serious harm from an objective standpoint. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir.2002).

An inmate's dissatisfaction or disagreement with the medical treatment he received, or a claim that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g., Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); *Wagner v. Bay City,* 227 F.3d 316, 324 (5th Cir.2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff complains that defendants allowed an unauthorized physician to prescribe him

100 milligrams of medicine instead of his usual 50 milligrams of that same medication, and that this caused him to feel dizzy and fall, injuring his head and ankle.  Plaintiff pleads no facts to indicate that defendants acted with deliberate indifference to his medical needs or that they were subjectively aware of a risk of serious harm and consciously disregarded that risk.  At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which are insufficient to support a finding of deliberate indifference under the Eighth Amendment.  *See Varnado,* 920 F.2d at 321; *see also Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment").  Accordingly, the Court will dismiss Plaintiff's claim as frivolous and for failure to state a claim for which relief may be granted.

### III. Order

Based on the foregoing, the Court **ORDERS** that plaintiff's civil rights complaint is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b).

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).  The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.**

The Clerk of Court will provide a copy of this Order to all the parties of record.

SIGNED at Houston, Texas, this 19th day of April, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE